Filed 12/12/24  P. v. Taylor CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DEANGELO TAYLOR,<br><br>        Defendant and Appellant. | A170501<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR2017921253) |

Michael Deangelo Taylor appeals after the trial court denied his postconviction petition to modify his sentence.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.

*Wende* does not apply to appellant's appeal.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226 ["the procedures set out in *Anders* and *Wende* do

1

not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal[,] . . . because 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings"].)  However, we have exercised our discretion to independently review the record (*id*. at p. 232), find no arguable issues, and affirm.

## BACKGROUND

In 2018, appellant pled guilty to one count of robbery (Pen. Code, § 211)[1] and admitted a personal use of a firearm enhancement (§ 12022.5, subd. (a)), pursuant to a plea agreement that he would receive a sentence of 12 years' imprisonment.  The trial court sentenced him in accordance with the plea agreement.

In 2023, appellant filed a petition for modification of sentence pursuant to sections 1385 and 1172.75, requesting the court strike the personal use enhancement and reduce his term to seven years.  The trial court denied the petition.

In 2024, appellant filed a petition for modification of sentence on the same grounds, but this time requesting his sentence be reduced to nine years.  The trial court denied the petition, and denied appellant's request for a certificate of probable cause.

## DISCUSSION

We have reviewed the record and found no arguable issues.  Section 1172.75 applies to enhancements imposed for prior prison terms.  Section 1385's provision regarding dismissing enhancements expressly applies "to all sentencings occurring after January 1, 2022" (§ 1385, subd. (c)(7)), and

---

[1] All undesignated statutory references are to the Penal Code.  The underlying facts are not necessary to our resolution of this appeal.

therefore does not apply to appellant's sentencing.  Appellant has not established entitlement to any other sentencing relief.

DISPOSITION

The order is affirmed.


SIMONS, J.

We concur.


JACKSON, P. J.
BURNS, J.


(A170501)

3